UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

UNITED STATES OF AMERICA,

-v-

ALL RIGHT, TITLE AND INTEREST IN REAL PROPERTY AND APPURTENANCES LOCATED AT 11 NORTH AVENUE EAST, CRANFORD, NEW JERSEY,

ALL RIGHT, TITLE AND INTEREST IN REAL PROPERTY AND APPURTENANCES LOCATED AT 63 SOUTH RIDGEDALE AVENUE EAST HANOVER, NEW JERSEY,

ALL RIGHT, TITLE AND INTEREST IN REAL PROPERTY AND APPURTENANCES LOCATED AT 78 TAKOLUSA DRIVE, HOLMDEL, NEW JERSEY

ALL RIGHT, TITLE AND INTEREST IN REAL PROPERTY AND APPURTENANCES LOCATED AT 409 BAY AVENUE, HIGHLANDS, NEW JERSEY,

ALL RIGHT, TITLE AND INTEREST IN REAL PROPERTY AND APPURTENANCES LOCATED AT 64 MONMOUTH STREET, RED BANK, NEW JERSEY

ALL RIGHT, TITLE AND INTEREST IN REAL PROPERTY AND APPURTENANCES LOCATED AT

VERIFIED ANSWER

Case No. 05 Civ. 9548


5245, 5255, 5265, 5275 AND 5285 :
NORTH MELPOMNE WAY,
TUCSON, ARIZONA, :

Defendants-in-rem. :
-----------------------------------------------------------x

Claimant, MELISSA LONG, in answer to the complaint of the plaintiff, UNITED STATES OF AMERICA, admits, denies and alleges as follows:

1. Claimant generally denies each and every allegation of plaintiff's complaint.

LACK OF JURISDICTION AND VENUE

2. The court lacks jurisdiction over the subject matter of the above-entitled action, in that Claimant denies that venue is proper as per paragraph 2 of the within complaint. Claimant denies that certain actions giving rise to forfeiture took place in the Southern District of New York. Claimant denies any information regarding Marc Munson's alleged marijuana trafficking organization operating within the Southern District of New York.

LACK OF PROBABLE CAUSE FOR FORFEITURE

3. In response to paragraph 5 of plaintiff's complaint, Claimant specifically denies that any monies were "funneled" to Claimant, Long or through Long to other co-conspirators of Munson, and has filed a Verified Statement of Interest or Right, annexed hereto as Exhibit "A".

4. In response to paragraph 6 of plaintiff's complaint, Claimant specifically denies that Melissa Long used any profits from alleged marijuana trafficking by Munson to purchase real property, restaurants or to finance multi-million dollar gambling activity.

EXPLANATION OF LONG'S WEALTH

5. In response to paragraph 7 of plaintiff's complaint, that on or about October 11, 1995, Claimant married and gave birth on April 20, 1996 to a son. That in 1997 Long and her husband purchased a house as co-owners and applied for financing during which time Claimant was unemployed, remaining at home to raise her child.

6. That in 1998 claimant purchased a property located at 1146 Woodruff Avenue, Hillside, New Jersey for a purchase price of $ 81,333.33, in which Claimant and her son thereafter resided.

7. Said property was purchased from HUD as a foreclosure in a low income area with depressed market values and was later sold by Claimant for $ 177,000.

8. Claimant obtained a $ 65,000.00 mortgage and invested her own monies to finance said transaction.

9. Thereafter on or about October 1998 claimant purchased a property located at 16 Averne Terrace, Irvington, New Jersey for a purchase price of $ 11,000.00.

10. Said property was purchased from HUD as a foreclosure also in a low income area with depressed market values and was soon after sold by Claimant for $ 60,000.00

11. That on or about June 1999, Claimant together with another purchaser, purchased the premises located 11 North Avenue East, Cranford, New Jersey for a purchase price of $ 500,000.00.

12. In response to paragraph 9 of plaintiff's complaint, Claimant specifically denies that she did not obtain a mortgage for said premises.

13. That in response to paragraph 10 of plaintiff's complaint, Claimant alleges that the

purchasers paid $ 100,000.00 cash and the balance was financed by the Sellers who took back a purchase money mortgage in the sum of $ 400,00.00.

14. That the $ 100,000.00 was paid by Mr. Steve Valiant, who purchased the premises as a co-tenant with Claimant with the understanding that Valiant would finance the purchase and Claimant would manage the property, a commercial premises, with mixed use, in equal partnership with the day to day management being the sole responsibility of Claimant.

15. That in response to paragraph 9 of plaintiff's complaint, Claimant specifically denies that any loan payments for the above mentioned purchase money mortgage consisted of proceeds from a drug conspiracy. Claimant alleges that the payments of interest and principle on said purchase money mortgage came from the rental income of the premises at 11 North Avenue East, Cranford, New Jersey.

16. Thereafter, when Claimant sought to refinance the property, the parties in ownership disagreed over the refinance. As a result, Mr. Valiant did transfer his interest to Long for $ 1.00, but solely for the purpose of Claimant's refinance of premises with the understanding that upon the sale of the premises Valiant was to be repaid his investment.

17. In response to paragraph 11 of plaintiff's complaint, Claimant specifically denies that in 2000 Munson provided Melissa Long with drug proceeds in order to invest in any real estate transactions with all cash purchases. Additionally, Claimant specifically denies that Munson provided her with drug proceeds in order to finance the opening of a restaurant, to wit, Thai Elephant.

18. In response to paragraph 12 of plaintiff's complaint, Claimant specifically denies knowledge or information as therein alleged.

19. In response to paragraph 13 of plaintiff's complaint, Claimant specifically denies the allegations contained therein, specifically that in 2001 Claimant, Melissa Long, purchased properties financed by Munson's alleged drug activities, and denies knowledge and information to form a belief that 63 South Ridgedale Avenue, East Hanover, New Jersey was the site of money pick-ups by at least three members of the alleged Munson drug conspiracy.

20. That it is specifically alleged that Claimant purchased the premises located at 63 South Ridgedale Avenue, East Hanover, New Jersey on or about November 2001 for a purchase price of $ 475,000.00 of which $ 332,500.00 was financed and the balance coming from the proceeds of the sales of 1146 Woodruff Avenue, Hillside, New Jersey and 338 Harvard Avenue, Hillside, New Jersey.

21. In further response to paragraph 13 of plaintiff's complaint, Claimant specifically denies that the transfer of ownership of the premises 63 South Ridgedale Avenue, East Hanover, New Jersey was anything other than an arms length transaction.

22. In response to paragraph 14 of plaintiff's complaint, Claimant specifically denies that she laundered Munson's alleged drug profits in 2002 in order to invest in any real estate.

23. That on or about April 2002, Claimant purchased the premises located at 1524 Munn Avenue, Hillside, New Jersey for the purchase price of $ 110,000.00 of which $ 95,000.00 was financed by mortgage.

24. In response to paragraph 14 of plaintiff's complaint, Claimant specifically denies that she used a half a million dollars in cash to purchase parcels of land in Arizona in 2002.

25. In further response to paragraph 14, claimant specifically denies that she is the sole member of AO and ML Properties LLC and denies knowledge or information that these

properties were transferred to the company of an alleged Munson drug associate.

26. In response to paragraph 15 of plaintiff's complaint, Claimant specifically denies that in 2003 Claimant laundered Munson's alleged drug profits by purchasing real properties and opening restaurants.

27. In further response to paragraph 15 of plaintiff's complaint, Claimant specifically denies that she purchased the property located at 409 Bay Avenue, Highlands, New Jersey, for $ 315,000 without any loans.

28. That in further response to paragraph 15 of plaintiff's complaint, in 2003, Claimant started a restaurant business, "Teak," at 64 Monmouth Street, Red Bank, New Jersey which property was later purchased for $ 1.65 million of which 100% was financed by Amboy National Bank.

29. That in further response to paragraph 15 of plaintiff's complaint, in 2003, Claimant purchased the premises located at 78 Takolusa Drive, Holmdel, New Jersey, for $ 1,135,000.00 of which 90% was financed by Allied Mortgage Group Inc., specifically denying that said purchase was financed by "no document bank loans."

30. In response to paragraph 16 of plaintiff's complaint, Claimant specifically denies the allegations contained therein, specifically that Claimant's real estate purchases and business' were financed by Munson's alleged drug activities.

31. That in further response to paragraph 16 of plaintiff's complaint, Claimant specifically denies the allegations contained therein, specifically that in 2001 Claimant's gambling activity was financed by Munson's alleged drug activities.

32. That in further response to paragraph 16 of plaintiff's complaint, Claimant

specifically denies that between 1999 and 2003 she had gambling losses of at least a million dollars or that her gambling activity was financed by Munson's alleged drug activities

DENIAL OF CLAIMS FOR FORFEITURE

33. Incorporated herein are the allegations contained in paragraphs 1 through 32 of the Answer.

34. In response plaintiff's claims for forfeiture, Claimant specifically denies that any monies used in the purchase of any real property or commercial premises, as set forth herein, are traceable to exchanges of controlled substances.

35. In response plaintiff's claims for forfeiture, Claimant specifically denies that any real property was used in any manner or part to commit or to facilitate the commission of a violation of Title 21, United States Code, Section 882(1)(7).

36. That at all times mentioned in plaintiff's complaint, Claimant was, and now is, the owner, and/or has an interest in an LLC as owner, entitled to possession of all above captioned Defendants-in-rem described in the complaint, with the exception of the premises located at 63 South Ridgedale Avenue, East Hanover, New Jersey, which title was conveyed on or about May 30, 2003 to Steve Papas.

37. That on the dates mentioned within said complaint of alleged improper use of any property, the property was in all respects being properly used by Claimant in that properties were used for legitimate business purposes.

38. That as an affirmative defense Claimant asserts an innocent owner defense by reason that any act or omission established by that owner was committed or omitted without the knowledge or consent of the owner.

39. That in response plaintiff's claims for forfeiture, Claimant specifically denies each and every allegation contained in plaintiff's complaint.

WHEREFORE, Claimant requests that:

1. Plaintiff take nothing by this action;
2. A judgment of dismissal be entered in favor of Claimant;
3. Claimant be awarded reasonable attorneys fees and cost incurred; and
4. Claimant be awarded such other and further relief as the Court considers just and proper.

Dated: New York, New York
December 22, 2005

Yours, etc.,

JESS M. BERKOWITZ
Attorney for Claimant
Office & P.O. Address
401 Broadway, Suite 1510
New York, New York 10013
(212) 431-4453

TO: MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Plaintiff
By: CHRISTINA PAGLIA BISCHOFF
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
(212) 637-1204

INDIVIDUAL VERIFICATION

STATE OF NEW YORK, COUNTY OF NEW YORK) ss.:

I, Respondent/Claimant, MELISSA LONG, after having been duly sworn under oath, hereby declare under penalty of perjury under the laws of the United States of America that I have read the foregoing Answer and know the contents thereof; the same is true and correct to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matter I believe it to be true and that my claim to the property is not frivolous and is made in good faith.

MELISSA LONG, Respondent/Claimant

On the 22nd day of December in the year 2005 before me the undersigned, personally appeared MELISSA LONG, personally known to be or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed same in her capacity, and that by her signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

Notary Public

JESS BERKOWITZ
Notary Public, State of New York
No. 31-4811615
Qualified in New York County
Commission Expires November 30, 2006

Affidavit of Service by Mail

I, Jess Berkowitz, being duly sworn declare the following to be true under penalty of false statement.

That on December 27 2005, I served the within Verified Answer upon Assistant United States Attorney Christina Paglia Bischoff, Attorney for Plaintiff, at One St. Andrew's Plaza, New York, New York 10007 by depositing a copy thereof enclosed in a post-paid wrapper in an official depository under the exclusive care of the U.S. Postal Service within New York State.

JESS M. BERKOWITZ

Sworn to me on this
27th day of December, 2005

Notary Public

MELVIN L. GREENWALD
Notary Public, State of New York
No. 24-1563550 Qual. in Kings Co.
Commission Expires 2/25/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF NEW YORK

-----------------------------------------------------------x

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>ALL RIGHT, TITLE AND INTEREST IN REAL PROPERTY AND APPURTENANCES LOCATED AT 11 NORTH AVENUE EAST, CRANFORD, NEW JERSEY,<br><br>ALL RIGHT, TITLE AND INTEREST IN REAL PROPERTY AND APPURTENANCES LOCATED AT 63 SOUTH RIDGEDALE AVENUE EAST HANOVER, NEW JERSEY,<br><br>ALL RIGHT, TITLE AND INTEREST IN REAL PROPERTY AND APPURTENANCES LOCATED AT 78 TAKOLUSA DRIVE, HOLMDEL, NEW JERSEY<br><br>ALL RIGHT, TITLE AND INTEREST IN REAL PROPERTY AND APPURTENANCES LOCATED AT 409 BAY AVENUE, HIGHLANDS, NEW JERSEY,<br><br>ALL RIGHT, TITLE AND INTEREST IN REAL PROPERTY AND APPURTENANCES LOCATED AT 64 MONMOUTH STREET, RED BANK, NEW JERSEY<br><br>ALL RIGHT, TITLE AND INTEREST IN REAL PROPERTY AND APPURTENANCES LOCATED AT | VERIFIED STATEMENT OF INTEREST OR RIGHT<br><br>Docket No. 05 Civ. 9548 |

5245, 5255, 5265, 5275 AND 5285 :
NORTH MELPOMNE WAY,
TUCSON, ARIZONA, :

Defendants-in-rem. :

------------------------------------------------------------x

PLEASE BE ADVISED that MELISSA LONG, the undersigned claimant, pursuant to Supplemental Rule C(6) of the Federal Rules of Civil Procedure, files the within claim of interest and right to the following property:

Comes now MELISSA LONG, sole owner of the defendant 11 North Avenue East, Cranford, New Jersey, as claimant, and demands restitution of the same, and the right to defend this action of its behalf.

Comes now MELISSA LONG, sole owner of the defendant 78 Takolusa Drive, Holmdel, New Jersey, as claimant, and demands restitution of the same, and the right to defend this action of its behalf.

Comes now MELISSA LONG, a 60% Member of Munson Tree LLC, owner of the defendant 409 Bay Avenue, Highlands , New Jersey, as claimant, and demands restitution of the same, and the right to defend this action of its behalf.

Comes now MELISSA LONG, a 50% Member of 64 Monmouth St. LLC, owner of the defendant 64 Monmouth Street, Red Bank, New Jersey, as claimant, and demands restitution of the same, and the right to defend this action of its behalf.

Comes now MELISSA LONG, a 50% Member of AO & ML Properties, LLC, owner of the defendant 5245, 5255, 5265 and 5285, North Melpomene Way Tucson, Arizona, as claimant, and demands restitution of the same, and the right to defend this action of its behalf.

JESS M. BERKOWITZ
Attorney for Claimant

State of New York )
) ss.
County of New York )

MELISSA LONG, being first duly sworn, on oath deposes and says:

That she is the claimant in the above entitled action; and that she has read the foregoing claim and knows that the contents thereof and that the same is true to the best of her knowledge, information and belief.

MELISSA LONG

Sworn to before me this 9th day of December 2005

Notary Public

JESS BERKOWITZ
Notary Public, State of New York
No. [illegible]
Qualified in New York County
Commission Expires November 30, 2006

Affidavit of Service by Mail

I, Jess Berkowitz, being duly sworn declare the following to be true under penalty of false statement.

That on December 22, 2005, I served the within Verified Statement of Interest or Right upon Assistant United States Attorney Christina Paglia Bischoff, Attorney for Plaintiff, at One St. Andrew's Plaza, New York, New York 10007 by depositing a copy thereof enclosed in a post-paid wrapper in an official depository under the exclusive care of the U.S. Postal Service within New York State.

JESS M. BERKOWITZ

Sworn to me on this
22nd day of December, 2005

Notary Public

Notary Public ...
No. 24-1062553 ...
Commission Expires 2/28/06